IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            CIVIL NO.  11-157 LFG/KBM

FUNDS IN THE AMOUNT OF $3,172.04
from savings account no. **5432 U.S.
New Mexico Federal Credit Union,

        Defendant.

STEVE CHAVEZ,

        Claimant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

### Introduction

THIS MATTER is before the Court on Claimant, Steve Chavez's ("Chavez"), Motion for Reconsideration, to Stay Enforcement of Judgment, and For a Hearing on the Merits of Claimant's Motion to Set Aside Default Judgment. [Doc. 26.] On January 26, 2012, the United States filed a response [Doc. 31], and on February 17, 2012, Chavez filed a reply [Doc. 34]. After carefully considering the pertinent legal standards and the parties' briefs, the Court concludes that Chavez's motion for reconsideration will be denied.

Chavez's motion for reconsideration argues that the Court's Memorandum Opinion and Order Denying Chavez's Revised Motion to Set Aside Default Judgment and Stay of Execution of Judgment [Doc. 23] contained "several factual errors," and that the decision should be withdrawn. [Doc. 26.] The United States notes first, that Chavez failed to make a good faith request for

concurrence before filing his motion, in contravention of D.N.M. LR-Civ 7.1(a).[1]  Secondly, the United States contends that Chavez cannot meet the requirements to justify reconsideration of the Court's decision under either Fed. R. Civ. P. 59 or 60.  Chavez argues in his reply that manifest injustice would result if the Court denied reconsideration.

## Procedural Summary

On February 16, 2011, the government filed a Complaint for forfeiture of the amount of $3,172.04. [Doc. 1.] The Complaint was properly served but no Answer was timely filed. [Doc. 8.] On June 15, 2011, the United States moved for default judgment, and the Clerk entered default as to Chavez on June 16, 2011. [Doc. Nos. 7, 11.] On June 20, 2011, the Court granted the motion for default judgment. [Doc. 13.] About four months later, on October 31, 2011, Chavez's attorney filed a notice of appearance and filed a motion to set aside forfeiture and default judgment. [Doc. Nos. 14, 15.] On November 16, 2011, Chavez's attorney amended the motion to set aside default judgment, and that motion was briefed. [Doc. Nos. 16, 17, 21.] The Court denied the motion in a decision issued December 20, 2011. [Doc. 23.] Subsequently, on January 9, 2012, almost a year after the Complaint was filed, Chavez filed an Answer, without having requested or received permission to file the out-of-time Answer.  [Doc. 25.] A day later, he filed the present motion for reconsideration. [Doc. 26.] The Court entered an Order on January 11, 2012, striking the Answer. [Doc. 29.]

---

[1] It is true that Chavez omitted recitation in his motion that he made a good-faith request for concurrence in accordance with D.N.M. LR-Civ 7.1(a).  While a motion may be summarily denied under such circumstances, the Court declines to deny the motion on that basis alone and proceeds to consider the motion on the merits.  Chavez is advised that he must comply with D.N.M. LR-Civ 7.1(a) in future instances and that failure to do so could result in summary dismissal of his motion.

Because Chavez's attorney now argues that he was unaware of this forfeiture action being filed until "on or about October 17, 2011" [Doc. 26, at 2], the Court points out that Chavez offers inconsistent explanations concerning the date when counsel knew of the forfeiture complaint. In this motion to reconsider, Chavez's attorneys leads one to believe that he had no idea that the February 2011 forfeiture complaint had been filed until mid-October, 2011, at which point, counsel "immediately took action" by filing a motion to set aside the default judgment in late October 2011. [Id.] Yet, in an affidavit filed by Chavez's counsel on October 31, 2011 [Doc. 15, Ex. A, at ¶3], counsel stated–

> While I acknowledge my office received a copy of the Complaint for Forfeiture *in rem* ("Complaint") in this matter on or about March 2, 2011, I was unaware that the Answer which was prepared was never filed with the United States District Court. This apparently occurred due to personnel changes in my office which were taking place at this time.

Thus, the Court rejects Chavez's position that his attorney was unaware of the filing of the Complaint until October 2011. [*See also* Doc. 16, Ex. A, at ¶ 3.]

The Court proceeds to address the motion for reconsideration.

### Discussion

I.  Standing

As a preliminary matter, the Court observes that Chavez lacks standing to challenge the forfeiture proceeding as he neither filed a Verified claim nor a timely answer.

The Notice of Publication in relation to the Complaint for Forfeiture *in rem* stated in pertinent part:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (March 01, 2011) of this Notice on this official government internet web site and an Answer to the complaint or

> motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .
>
> The verified Claim and Answer must be filed with the Clerk of the Court, United States District Court for the District of New Mexico, 333 Lomas Blvd. NW, Albuquerque, NM 87103, and copies of each served upon Assistant United States Attorney Stephen Kotz, P.O. Box 607, Albuquerque, NM 87102, or default and forfeiture will be ordered. See, 18 U.S.C. § 983(a)(4) (A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

[Doc. 5.]  A claim and an answer, while similar, serve different purposes. United States v. 2007 Chrysler 300 Touring, 2011 WL 1119701, *3 (D.N.M. Mar. 10, 2011) (unpublished) (citations omitted).

> A claim "insures that [a]ny party who wishes to defend a forfeiture action [will] be forced to swear his interest in the forfeited property." An answer "serves its normal function – 'to state in short and plain terms [the] defense to each claim assert. . . and to admit or deny the averments upon which the adverse party relies.'"
>
> A claimant must have standing to contest the forfeiture – constitutional and statutory.

Id. (citations omitted).

Here, as noted above, Chavez filed neither the required verified Claim nor a timely Answer. Thus, he lacks standing to contest forfeiture. *See* United States v. $148,840.00 in U.S. Currency, 521 F.3d 1268, 1273 & n. 3 (10th Cir. 2008). *See also* 2007 Chrysler 300 Touring, 2011 WL 1119701, *4 (noting cases where it was proper to strike an answer for lack of standing where claimant did not file a verified claim in this action and did not request an extension of time to file an out-of-time verified claim); United States v. 1988 BMW, 798 F. Supp. 2d 896, 900 (S.D. Ohio 2010) ("to contest a civil forfeiture, a claimant must have both statutory standing and standing under Article III;" movant lacked standing where he filed neither a claim nor an answer with his motion

4

to set aside default judgment); United States v, One 2001 Cadillac Deville Sedan, 335 F. Supp. 2d 769, 773 (E.D. Mich. 2004) (same).

Moreover, Chavez did not file a request for permission to file an out-of-time answer and indeed, did not file an answer [Doc. 25] until after the case was closed subsequent to the Court's denial of Chavez's amended motion to set aside default judgment. The Court earlier noted that the rules governing the filing of claims are strictly enforced. [Doc. 23, at 2.] *See* 2007 Chrysler 300 Touring, 2011 WL 1119701, *4 (collecting cases where "courts have recognized that forfeiture claimants must strictly and scrupulously adhere to filing requirements in order to perfect standing").

Both Chavez's failure to file a Verified claim and his untimely, unauthorized, and ultimately stricken Answer demonstrate that Chavez lacks standing to challenge this forfeiture action. Alternatively and additionally, the Court concludes that Chavez fails to demonstrate grounds to support reconsideration of the Court's earlier decision.

II.     Motion to Reconsider under Rule 59 or Rule 60

Chavez's motion for reconsideration, if timely, may be construed under Fed. R. Civ. P. 59(e) or 60(b). The Court determines that Chavez's motion is timely under either rule.

> We may construe Plaintiff's motion to reconsider . . . either as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) or as motion for relief from the judgment under Fed.R.Civ.P. 60(b). If a motion is timely under both rules, how we construe it depends upon the reasons expressed by the movant. Jennings v. Rivers, 394 F.3d 850, 855 (10th Cir. 2005). A Rule 59(e) motion is the appropriate vehicle "to correct manifest errors of law or to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir.1997) (*quoting* Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992)). A Rule 60(b) motion is appropriate for, among other things, "mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(1),(2).

5

<u>Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.</u>, ---
F.3d ----, 2011 WL 6739431 (10th Cir. Dec. 23, 2011)

Chavez relies on Rule 60(b)(1) and intimates that the Court erred and misunderstood or misconstrued the pertinent facts. [Doc. 26, at 2-4.] Rule 60(b)(1) allows a court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). For the reasons hereafter stated, the Court rejects Chavez's contentions.

Chavez argues error because the Court made its decision "upon consideration of the pleadings alone," and "[h]ad there been a hearing on the Revised Motion, this [defense] would have become clear and Counsel would have proffered the exhibits, the existence of which AUSA Kotz had already been informed." [Doc. 26, at 1, 4]. The implication in the motion is that somehow the Court was wrong to rule on the motion without an evidentiary hearing. However, the Court directs Chavez's attention to D.N.M.LR-Civ. 7.6(a), which specifically provides that a motion will be decided on the briefs unless the court sets oral argument. No party requested oral argument in this case, and oral argument was not set. Thus, pursuant to D.N.M.LR-Civ. 7.6(a), the Court did exactly what it was required to do, *i.e.,* it decided the case based on the briefs.

Chavez also argues that the Court's Memorandum Opinion and Order should be withdrawn based on error. The motion states "Claimant's Counsel was unaware of a case being filed or of default having been entered . . . ." [Doc. 26, at 2.] As noted *supra*, that argument was rejected as inaccurate.

Chavez next asserts that the Court should withdraw its Memorandum Opinion and Order, with respect to language in the decision, stating: "To date, almost one year has elapsed without an answer or claim." Chavez argues, "To imply that the inadvertence in not filing an answer indicates that no activity was occurring on the case is to err." [Doc. 26, at 2-3.] The Court's Memorandum

6

Opinion and Order did not indicate that the failure to file an answer indicated no activity was occurring. Rather, the Court's decision accurately states that almost a year elapsed [from filing of the forfeiture proceeding] without an answer or a claim. That statement is correct.

In addition, Chavez contends that the Plea Agreement (Doc. 22 in 10cr3454) did not include or contemplate the funds in this forfeiture proceeding. He claims, "the funds were not included in Steve Chavez' plea agreement." [Doc. 26, at 3.] Chavez further asserts that criminal forfeiture language was removed from the plea agreement so that the forfeiture could be challenged separately. [Id.] The Court's Memorandum Opinion and Order noted the following argument:

> In this case, Chavez contends that there was a legitimate source for the funds seized from his account.
>
> Chavez now argues:
>
> The plea in that matter [United States v. Chavez, 10-CR-3454 JH] as negotiated between Claimant's counsel and Assistant United States Attorney Rhonda Backinoff specifically excluded the funds at issue in this case in order to allow Claimant to pursue his claim in this forfeiture action.
>
> [Doc. 21, at 3].
>
> Chavez is mistaken. Nowhere in the Plea Agreement, and nowhere in the plea colloquy (Colloquy referred to in Doc. 20 of 10cr3454, "FTR HONDO @ 10:24 AM") which the Court listened to in its entirety, [footnote omitted] is there any mention that the forfeited funds would be returned, were excluded from forfeiture, or that Chavez was preserving a right to challenge forfeiture at some time in the future.[2]

---

[2]The Court listened to the plea colloquy in its entirety. However, by virtue of the present claim that these funds were specifically excluded from the plea proceeding in order to allow Chavez to pursue his claim separately, the Court ordered preparation and filing of the change of plea proceeding. The transcript is now available for the parties' and appellate review. [Doc. 27.] The transcript refutes Chavez's claim that the funds were to be returned to him or that he was preserving an opportunity to challenge the forfeiture. Nothing in the transcript supports Chavez's argument to this effect.

7

[Doc. 23, at 9.]

Chavez's present argument is nothing new. In other words, he already presented this same argument in his amended motion to set aside default judgment that the Court rejected. A motion for reconsideration is not an opportunity to re-state arguments previously rejected. *See* Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A motion for reconsideration] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). *See also* FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument.").

Chavez also challenges the Court's representation that the Presentence Report, from which the Court quotes [Doc. 23, at 7-8], is somehow incorrect. That Report states in part, "A seizure warrant was executed on two bank accounts belonging to Steve Chavez which resulted in the seizure of $101,048.79 from the Bank of America, and $3172.04 from New Mexico Federal Credit Union. *This money was believed to be derived from drug proceeds . . . ."* [emphasis added].

The Court's Memorandum Opinion and Order set out the probation officer's rationale, believing that the $3,172.04 was derived from drug proceeds.

> It appears he maintained his business for distributing controlled substances as several controlled substances were located by law enforcement at his business on two occasions, he had no business license, and labor department records reflected he had no wages since July of 2005. Additionally, surveillance was conducted at the business revealing several people would arrive at this business and leave within five minutes which is a common indiction of drug trafficking. Also there was a lack of business activity/records found during the search of the business and there was a minimal amount (approximated less than $27,200) of reported gross business receipts to the New Mexico Taxation and Revenue Department.

[Doc. 23, at 7-8].

As earlier indicated, Chavez took no exception to the report and filed no objection to the foregoing factual representations. It is not just that the $3,172.04 was seized, but Probation Services clearly and unequivocally noted that the money seized was believed to be derived from drug proceeds. Chavez's failure to challenge the factual representation in the Presentence Report constitutes an acquiescence in the statement. *See* United States v. Powell, 320 F. App'x 842, 844 (10th Cir. Apr. 7, 2009) (unpublished).

Chavez continues to assert that there is evidence demonstrating that the Defendant Funds of $3,172.04 are related to a legitimate source rather than criminal activities. Chavez urges that these monies can be traced from a refinance of a home and that this paperwork was given to the government before Chavez's sentencing in the related criminal proceeding. [Doc. 26, at 3.] The government observes that if this was Chavez's position, he should have attached that documentation either to his amended motion to set aside default judgment or his reply. However, if he had done so, the government further argues that Chavez "would have placed himself in the unusual position of directly contradicting his admission in his Plea Agreement that the $3,172.04 Defendant Funds were part of the 'facts related to the charges against [him]' for possession with intent to distribute cocaine." [Doc. 31 (*citing* Doc. 22 in 10cr3454, at 2, 3-4).] After a careful review of the Plea Agreement, the Court agrees with the government. Moreover, Chavez's attempt to distinguish the terms "seized" and "derived from" in the Plea Agreement are unpersuasive. The Plea Agreement included the Defendant Funds as part of the plea negotiation terms entered into by Chavez with the government. [Doc. 22 in 10cr3454, at 2, 3-4.]

9

### **Conclusion**

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances," Smith v. United States, 561 F.3d 1090, 1097 n. 8 (10th Cir. 2009) (citation and quotation omitted), *cert. denied*, 130 S.Ct. 1142 (2010).  *See* Rogers v. Andrus Transp. Serv., 502 F.3d 1147, 1153 (10th Cir. 2007)  (same).  Chavez's motion to reconsider does not present the type of extraordinary or exceptional circumstances that give rise to Rule 60(b) relief.  Accordingly, the Court determines that Chavez failed to establish appropriate grounds to warrant relief under Rule 60(b)(1).

IT IS THEREFORE ORDERED that Chavez's Motion for Reconsideration [Doc. 26] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge